UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY W. HICKS,

        Plaintiff,

                                      CASE NO. 2:23-CV-10273
v.                                   HONORABLE SEAN F. COX

MARK TEKLINSKI,

        Defendant.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

**I.    Introduction**

Michigan prisoner Larry W. Hicks ("Plaintiff"), currently confined at the Parnall Correctional Facility in Jackson, Michigan has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 concerning his state criminal proceedings and naming his defense attorney, Mark Teklinski ("Defendant"), located in Warren, Michigan, as the sole defendant in this action. Plaintiff essentially asserts that Defendant provided ineffective assistance of counsel in advising him to plead guilty. Plaintiff sues Defendant in his personal capacity and seeks monetary damages. ECF No. 1. The Court has granted Plaintiff leave to proceed without prepayment of the filing fee for this action pursuant to 28 U.S.C. § 1915(a)(1). ECF No. 4. For the reasons set forth, the Court summarily dismisses the complaint and concludes that an appeal cannot be taken in good faith.

**II.    Discussion**

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks

monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a federal civil rights claim, a plaintiff must allege that: (1) he or she was deprived

of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state or federal law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege that the deprivation of his or her rights was intentional, not merely negligent. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986). A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Despite this liberal pleading standard, the Court finds that Plaintiff's complaint is subject to summary dismissal.

First, Plaintiff names his defense attorney, Mark Teklinski, as the sole defendant in this action. It is well-settled, however, that appointed and retained attorneys performing traditional functions as defense counsel do not act "under color of state law" and are not state actors subject to suit under § 1983. *See Polk Co. v. Dodson*, 454 U.S. 312, 318, 325 (1981); *Elrod v. Michigan Supreme Ct.*, 104 F. App'x 506, 508 (6th Cir. 2004); *see also Cicchini v. Blackwell*, 127 F. App'x 187, 190 (6th Cir. 2005) ("Lawyers are not, merely by virtue of being officers of the court, state actors for § 1983 purposes."). Because Defendant is not a state actor subject to suit under § 1983, Plaintiff's complaint against him must be dismissed.

Second, Plaintiff challenges the validity of his state criminal proceedings in his complaint. A claim under 42 U.S.C. § 1983, however, is an appropriate remedy for a state prisoner challenging a condition of imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of continued confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason

for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. *Id*. at 487-89.

*Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). The underlying basis for the holding in *Heck* is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. If Plaintiff were to prevail on his claims, his continued confinement would be called into question. Consequently, Plaintiff's complaint is also barred by *Heck* and must be dismissed.

**III.    Conclusion**

For the reasons stated, the Court concludes that Plaintiff's civil rights complaint must be summarily dismissed as frivolous and/or for failure to state a claim upon which relief may be granted. Accordingly, the Court **DISMISSES WITH PREJUDICE** the civil rights complaint.[1]

The Court also concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). This case is closed. No further pleadings should be filed in this matter.

---

[1]This dismissal of the complaint is without prejudice to any claims Plaintiff may bring challenging his state criminal proceedings in a habeas action or in a civil rights action against a proper defendant should his conviction(s) be overturned or otherwise declared invalid.

**IT IS SO ORDERED**.

                s/Sean F. Cox
                Sean F. Cox
                United States District Judge

Dated: February 13, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 13, 2023, by electronic and/or ordinary mail.

                s/J. McCoy
                Case Manager